IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD YOUNG,<br>No. 50081-066,<br><br>   Plaintiff,<br><br> vs.<br><br>JAMES N. CROSS,<br>DR. DONALD CRUZ,<br>LEE ANN POLLMAN, and<br>J. NOTT,<br><br>   Defendants.[1] | Case No. 14-cv-01424-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

  Plaintiff Reginald Young, an inmate in the Federal Correctional Institution at Greenville, Illinois, brings this action for deprivations of his constitutional rights pursuant to 28 U.S.C. § 1331, based on the refusal of prison officials to authorize medically recommended cataract surgery.

  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

---

[1] Insofar as the caption of the complaint lists four named defendants followed by "et al.," the Court has recognized only the four named defendants. The complaint does not otherwise indicate that any unidentified individuals are being sued. If Plaintiff desires to sue any unidentified individuals, he must file an amended complaint.

    (2) seeks monetary relief from a defendant who is immune from such relief.

  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

  According to the complaint, in May 2009, Plaintiff had surgery to remove a cataract on his right eye. Approximately 18 months later, in December 2010, an outside specialist, Dr. Maher, recommended that Plaintiff have cataract surgery on his left eye. A "Regional Medical Consultant" must approve such surgery and, to date, approval has not been granted. Documentation attached to the complaint indicates that the Bureau of Prisons' Clinical Guidelines authorize cataract surgery only if both eyes are a certain weakness, and Plaintiff's left eye, post-surgery, was 20/50, so he did not meet the criteria (*see* Doc. 1, p. 16). Administrative grievances have not been successful.

  Plaintiff now brings suit against Warden James N. Cross, Greenville Medical Director Dr. Cruz, Regional Health Care Administrator Lee Ann Pollman, and Medical Records Specialist J. Nott. He asserts that he has been subjected to "medical deliberate indifference" (*see* Doc. 1, p. 39), which would constitute a claim of cruel and unusual punishment under the Eighth

Amendment. In addition, the documentation incorporated into the complaint suggests that Plaintiff *may* also be contemplating due process and the equal protection claims, as well as a medical negligence claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680.[2] Plaintiff seeks injunctive relief, as well as compensatory and punitive damages.

## Discussion

The complaint cannot proceed as drafted due to a variety of pleading errors; it will be dismissed without prejudice for the reasons that follow.

The complaint form indicates that Plaintiff is presenting a federal question pursuant to 28 U.S.C. § 1331. Insofar as Plaintiff claims he has been subjected to "medical deliberate indifference" in violation of the Eighth Amendment, he is presenting a constitutional claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 3 88 (1971). However, his Eighth Amendment *Bivens* claim fails because the complaint does not allege that any of the four named defendants were personally involved, as required for liability. *See Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). The *respondeat superior* doctrine—supervisory liability—is inapplicable. *Id*. Moreover, the statement of claim does not even mention any of the four defendants by name or title (*see* Doc. 1, p. 39). Merely naming a defendant in the caption is insufficient to state a claim. *See generally Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Although the Court construes a *pro se* complaint liberally, the Court is not responsible for evaluating the many documents included in the complaint and fashioning claims for Plaintiff. Thus, the Eighth Amendment claim—the <u>only</u> claim specifically presented—fails to state a claim upon which relief can be granted and must be dismissed.

---

[2] If it was Plaintiff's intent to present Due Process and Equal Protection claims, or medical malpractice and/or negligence claims, those claims should be considered dismissed without prejudice pursuant to *Bell Atlantic Corp. v. Twombly*.

Dismissal will be without prejudice and Plaintiff will be given an opportunity to file an amended complaint.

At the risk of offering an advisory opinion, relative to those claims that were not specifically pleaded the Court offers the following advice.

Merely referencing the Due Process and Equal Protection Clauses in a document attached to the complaint clearly does not satisfy the *Twombly* pleading standard. If Plaintiff intends to present such constitutional claims, he must do so in an amended complaint.

Regarding a *possible* claim based on negligence or medical malpractice, Plaintiff should note that the FTCA allows suit against the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Palay v. United States*, 349 F.3d 418 425 (7th Cir. 2003) (citing 28 U.S.C. § 1346(b)(1)). Illinois law requires a plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint. *See* 735 ILCS § 5/2–622. The certificate must affirm that a qualified, licensed physician has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action." 735 ILCS § 5/2–622. The plaintiff must also attach a copy of the health professional's written report, "clearly identifying ... the reasons for the reviewing health professional's determination that a reasonable and meritorious" case exists. 735 ILCS § 5/2–622(a)(1). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILCS § 5/2–622(b). Compliance with Section 5/2–622 is mandatory, and failure to file the affidavit and written report in a medical malpractice case "shall be grounds for dismissal...." 735 ILCS § 5/2–622(g).

**Motion for Counsel**

Within the brief Statement of Claim, Plaintiff requests appointment of counsel (Doc. 1, p. 39).  There is no constitutional or statutory right to counsel in federal civil cases.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)).  If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655.  The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience."  *Id*.

Plaintiff gives no indication that he has attempted to secure counsel.  His motion fails for that reason alone.  Furthermore, Plaintiff does not suggest why he cannot proceed without counsel.  His complaint, as a whole—including his administrative grievances—indicates that he is able to articulate his Eighth Amendment claim clearly without the aid of counsel, so he should be able to draft a viable amended complaint.  Similarly, the Court does not conclude that other

potential claims are beyond Plaintiff's abilities.  Therefore, Plaintiff's motion for counsel (Doc. 1) will be denied without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's motion for counsel, which is incorporated into the complaint (Doc. 1), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) and Defendants **JAMES N. CROSS**, **DR. DONALD CRUZ**, **LEE ANN POLLMAN** and **J. NOTT** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **February 23, 2015**, Plaintiff shall file an amended complaint.  Failure to file an amended complaint by the prescribed deadline will likely result in the dismissal of this action with prejudice, and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 21, 2015**

                                        *s/J. Phil Gilbert*
                                        **United States District Judge**